Affirmed and Memorandum Opinion filed March 2, 2006









Affirmed
and Memorandum Opinion filed March 2, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-04-00963-CR

____________

 

JOSE FERNANDO
PEREZ-DEL RIO,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 228th
District Court

Harris County, Texas

Trial Court Cause No. 963,554

 



 

M E M O R A N D U M   O P I N I O N

Appellant Jose Fernando Perez-Del Rio was
convicted of the offense of indecency with a child and was sentenced to six
years= confinement in
the Texas Department of Criminal Justice, Institutional Division, and fined $10,000.  On appeal, appellant contends (1) the
evidence of the complainant=s age is factually
insufficient, (2) the trial court erred by admitting into evidence a videotape
of a Child Assessment Center interview with the complainant, and (3) the trial
court erred by admitting videotapes in the punishment phase without a proper
foundation and in violation of Texas Rule of Evidence 403.  We affirm.








Factual Background

In July of 2003, the complainant, J.A.,
took a job as a live-in housekeeper for appellant and his wife.  J.A. was sixteen years old at the time.  Shortly after J.A. started working, appellant
began looking at her and acting in ways that made her uncomfortable.  On one morning, appellant came into J.A.=s room and woke
her by grabbing her upper thigh as he told her to get up.  Later, while she was cleaning, appellant
asked her to sit down, and he again grabbed her legs and told her that her legs
were pretty.  During another episode,
appellant asked J.A. to massage his feet, and J.A. complied, using lotion
appellant provided.  Appellant then asked
J.A. to massage his arms and hands, and while J.A. was bending down massaging
his left hand, appellant grabbed her breast over her clothes.  J.A. backed away and told appellant to stop,
which he did.  As J.A. was about to leave
the room, appellant called her back in, and, while pulling up his shorts on one
side, he asked her to give him a massage Aright there.@  That night, at about 3:00 a.m., J.A. saw
appellant come into her room and then leave without saying anything.  Appellant later apologized to J.A. for going
into her room. 

The next day, appellant took J.A. to a
pool hall and bought her a beer, which she did not drink.  While playing pool, appellant got close to
J.A., and she felt his Aprivate part@ against her Abackside.@  When they got in appellant=s truck to leave
the pool hall, appellant told J.A. he was Afeeling horny.@  That evening, appellant and J.A. were alone
in the house, and appellant began talking to J.A.  During the conversation, he asked her if she
had ever been Akissed with passion.@  J.A. began to cry.  Appellant then asked her if she had ever
touched a Abody instrument.@  When J.A. replied that she had not, appellant
said, Ayou just lost
$100.@  Appellant also asked J.A. if she would get
mad if he gave her a kiss.  When she
responded that she would, appellant wanted an explanation, so J.A. told him she
did not kiss people she did not like or did not feel attracted to.  Appellant then asked her if she was scared of
falling in love with him, to which she answered that she was not.  Appellant replied that she Ajust lost $20.@  Thereafter, appellant began Aacting mean@ to J.A., and she
was fired a few days later.








Discussion of Appellant=s Issues

I.        The
Sufficiency of the Evidence of J.A.=s Age

In his first issue, appellant contends the
evidence of J.A.=s age is factually insufficient to support
a finding of guilt because it is based solely on her testimony.  Appellant maintains J.A.=s age cannot be
determined beyond a reasonable doubt because contrary testimony was offered by
appellant=s wife, and J.A.=s testimony was
not supported by corroborating testimony or documentary evidence such as a
birth certificate, passport, or identity card. 
We disagree.

When evaluating a challenge to the factual
sufficiency of the evidence, we view all the evidence in a neutral light and
inquire whether the jury was rationally justified in finding guilt beyond a
reasonable doubt.  Zuniga v. State,
144 S.W.3d 477, 484 (Tex. Crim. App. 2004). 
We may find the evidence factually insufficient in two ways.  Id. 
First, when considered by itself, the evidence supporting the verdict
may be too weak to support the finding of guilt beyond a reasonable doubt.  Id. 
Second, after weighing the evidence supporting the verdict and the
evidence contrary to the verdict, the contrary evidence may be strong enough
that the beyond‑a‑reasonable‑doubt standard could not have
been met.  Id. at 484B85.  In conducting the factual sufficiency review,
we must employ appropriate deference so that we do not substitute our judgment
for that of the fact finder.  Id.
at 481B82; Cain v.
State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We will not set aside the judgment unless the
evidence supporting the verdict is so weak as to be clearly wrong and
manifestly unjust.  Zuniga, 144
S.W.3d at 481.








Appellant was charged with and convicted
of felony indecency with a child by intentionally and knowingly engaging in
sexual contact with J.A., a person younger than seventeen years of age and not
his spouse, by touching through clothing the breast of J.A. with the intent to
arouse and gratify his sexual desire.  See
Tex. Pen. Code Ann. ' 21.11(a)(1),
(c).  At trial, J.A. testified that she
was then sixteen years old, that she was sixteen during the time she worked as
a housekeeper for appellant and his wife, and that her birthday was AJuly 5th.@  The State did not introduce a birth
certificate or other documentary evidence of J.A.=s age; nor did it
elicit testimony from other family members concerning her age.  As part of the defense case, appellant=s wife testified
that it was her understanding that J.A. was seventeen years old, and that she
and appellant would not have hired anyone younger than seventeen for the
housekeeping job.

According to appellant, the evidence of
J.A.=s age was not
factually sufficient to support a finding of guilt because Adistinguishing
whether a teenager is sixteen or seventeen is not a reasonable inference that
may be drawn by the jury from the evidence.@  Appellant urges us to adopt a Aneutral method@ for conducting a
factual sufficiency review of a complainant=s age that
apparently requires additional corroborating evidence.  In support of this contention, appellant
cites two unpublished cases, Smith v. State, No. 05-03-01282-CR, 2004 WL
1089206 (Tex. App.CDallas May 17, 2004, no pet.) (not
designated for publication), and Villareal v. State, No. 05-97-01047-CR,
1999 WL 102228 (Tex. App.CDallas March 2, 1999, no pet.) (not
designated for publication).  However,
these cases merely list the evidence the courts found sufficient to show the
complainants were under seventeen years of age; they do not hold or otherwise
articulate a requirement that multiple sources of evidence are necessary to
support such a finding.  See Smith,
2004 WL 1089206, at *2, 12 (evidence of appellant=s age consisted of
complainant=s testimony of her current age, her age at
the time of the offense, and her birth date (but not the year), as well as
testimony of her mother, grandmother, and two non-family members regarding
complainant=s age); Villareal, 1999 WL 102228,
at *1 (evidence of appellant=s age consisted of
appellant=s confession, a police officer=s affidavit,
testimony of complainant and her mother concerning the length of time
complainant knew appellant, and the jury=s visual
determination of complainant=s age during her
testimony).  Merely because more or
different evidence of the complainant=s age was
available in other cases does not require us to conclude that the evidence
available in this case is factually insufficient.








The testimony of a child victim alone is
sufficient to support a conviction for aggravated sexual assault or indecency
with a child.  Perez v. State, 113
S.W.3d 819, 838 (Tex. App.CAustin 2003, pet.
ref=d); see Tex. Code Crim. Proc. art. 38.07.  The Court of Criminal Appeals has held that,
in a prosecution for aggravated rape of a child, the testimony of the
complainant as to her age and birth date was sufficient to prove that she was
under the age of seventeen at the time of the offense.  See Jason v. State, 589 S.W.2d 447,
449 (Tex. Crim. App. 1979). 
Additionally, we note that in Smith, one of the cases cited by
appellant, the court of appeals cited Jason with approval and rejected
the argument that the complainant=s testimony was
factually insufficient because the State did not introduce evidence of her
birth certificate or elicit testimony of the year of her birth.  See Smith, 2004 WL 1089206, at
*11.  Therefore, we reject appellant=s contention that
J.A.=s testimony
concerning her age was factually insufficient because it was not corroborated
by other testimony or documentary evidence such as a birth certificate.

Appellant also contends the testimony of
appellant=s wife that she believed J.A. was
seventeen years old contradicts J.A.=s testimony that
she was sixteen, and asserts that, because J.A. would not have been hired
unless she was at least seventeen, she had a reason to deceive appellant and
his wife.  However, testimony regarding
the wife=s belief does not
prove the truth of the belief; at most, it was an issue for the jury to
consider.  In our factual sufficiency
review, we must defer to the jury=s determination
concerning what weight to give conflicting testimony because resolution of
facts often turns on evaluation of credibility and demeanor.  See Johnson v. State, 23 S.W.3d 1, 8
(Tex. Crim. App. 2000); Cain, 958 S.W.2d at 408B09.  The jury could have believed J.A.=s testimony
concerning her age and disbelieved the testimony of appellant=s wife.  On this record, we do not find that the
evidence supporting the verdict is so weak as to be clearly wrong and
manifestly unjust.  See Zuniga,
144 S.W.3d at 481.  We therefore overrule
appellant=s first issue.

2.       The
Admission of the CAC Tape








In his second issue, appellant contends
the trial court improperly admitted into evidence a videotaped Child Assessment
Center (ACAC@) interview with
J.A. because it is inadmissible hearsay and its credibility is
questionable.  We review the trial court=s decision to
admit evidence for an abuse of discretion. 
Weatherred v. State, 15 S.W.3d 540, 542 (Tex. Crim. App.
2000).  We will uphold the trial court=s ruling if it was
within the zone of reasonable disagreement. 
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990)
(op. on reh=g). 

The State presented J.A. as a witness in
its case-in-chief, but did not seek to introduce the CAC videotape during her
testimony.  On cross-examination, in an
apparent effort to discredit her testimony and to establish that her testimony
concerning the alleged Abreast-touching incident@ was recently
fabricated, appellant questioned J.A. about the details of her statements to
investigators.  Appellant=s counsel then
asked if the trial was the first time J.A. alleged that the incident happened
on a certain day; J.A. responded that she also told the CAC interviewer when
they were recording her.  Appellant=s counsel then
commented that the recording would Aspeak for itself.@  Further cross-examination focused
specifically on J.A.=s videotaped statement to the CAC
interviewer:

[Defense]:    And isn=t it true that on that statement that you had given,
[J.A.], that you didn=t mention anything about the breast
touching, right?

[J.A.]: Yes, I did.

[Defense]:    You
didn=t mention that at the first part of
the tape though, did you? 

[J.A.]: The first part of the tape?  At the beginning I was telling everything
that happened on every day.

[Defense]:    Okay. 
And the truth is that you told the story all the way up until you got
terminated on Saturday, right?

[J.A.]: Yes, sir. 
And all the way till when my mom called him.

[Defense]:    Okay. 
And then you just told that whole story and the lady got up and left the
room; is that correct?

[J.A.]: Yes, sir.

[Defense]:    And up until that point, you had basically
been fired and your mom had talked to them and that was the end of the
interview, right?

[J.A.]: Yes, sir.








[Defense]:    Okay. 
And then isn=t it true that the lady comes back
in there and says tell me about the breast-touching incident and you said oh,
yeah?

[J.A.]: Yes.

Later, the State offered the videotape
during the testimony of the CAC interviewer who had conducted J.A.=s videotaped
interview.  Appellant objected to
admitting the videotape as a violation of Texas Code of Criminal Procedure article
38.071, inadmissible hearsay, and improper bolstering.  The State responded that the videotape was
admissible because appellant had opened the door, and it was admissible under
Texas Rule of Evidence 801(e)(1)(B) as a prior consistent statement offered to
rebut a charge of recent fabrication or improper influence or motive.

On appeal, appellant contends that the
safeguards contained in Texas Code of Criminal Procedure article 38.071,
section 5, should be applied here to render the tape inadmissible, even though
this article applies only when a child younger than thirteen years old is
unavailable to testify.  See Tex. Code Crim. Proc. art. 38.071, ' 5(a).[1]  Appellant argues that the statutory
safeguards should be applied because of Athe extenuating
circumstances regarding the limited cross-examination,@ leading questions
during the CAC interview, and J.A.=s Aapparent@ motive to lie
because she was fired from her job after only one week.  We do not reach this issue, however, because
we find that the CAC videotape was admissible as a prior consistent statement
offered to rebut a charge of recent fabrication and as a response to appellant=s opening the door
to the videotape.  








Under Rule 801(e)(1)(B), a prior statement
is not hearsay if it is Aconsistent with the declarant=s testimony, and
is offered to rebut an express or implied charge against the declarant of
recent fabrication or improper influence or motive.@  Tex.
R. Evid. 801(e)(1)(B).  Appellant=s counsel=s
cross-examination of J.A. sought to create an impression that J.A.=s testimony at
trial differed from the statements she gave to others and to imply that the CAC
interviewer asked leading questions about the Abreast-touching
incident,@ all in an effort to cast doubt on J.A.=s credibility.[2]  We hold that, on this record, the trial court
did not abuse its discretion in admitting the CAC videotape as a prior
consistent statement.  See Graves v.
State, 176 S.W.3d 422, 429 (Tex. App.CHouston [1st
Dist.] 2004, pet. struck) (holding CAC videotape admissible as prior consistent
statement when defense challenged complainant=s credibility on
cross-examination).  Moreover, appellant=s counsel=s specific
questions concerning the videotape and the CAC interviewer=s questioning
raised issues about the nature of the videotape, and so opened the door to
admission of the tape as evidence.  See id.

Appellant also suggests that the CAC
videotape constituted improper bolstering, because it allowed the State to
present its principle witness twice. 
However, as we have held, the State was entitled to introduce the
videotape to rehabilitate J.A. after defense counsel challenged her
credibility.  Therefore, admitting the
videotape does not constitute improper bolstering.  See Skeen v. State, 96 S.W.3d 567, 578
(Tex. App.CTexarkana 2002, pet. ref=d) (ATestimony elicited
to rebut prior impeachments by opposing counsel is not considered improper
bolstering.@).  

We overrule appellant=s second
issue.  

3.       The
Admission of Videotapes in the Punishment Phase








In his third issue, appellant contends the
admission of two videotapesCState=s Exhibit 5 and
State=s Exhibit 6Cin the punishment
phase violated Texas Rule of Evidence 403 and lacked a proper foundation.  Both exhibits were related to an incident in
1995 in which appellant was charged with possession of child pornography.[3]  State=s Exhibit 5 is a
videotape seized from appellant=s vehicle in 1995,
which contains several different excerpts, including one of a young girl lying
on a couch in shorts while smoking what appears to be a marijuana cigarette,
one of a girl riding a bicycle, one of a girl playing with a puppy, and one of
a naked woman on a bed looking at photographs of young girls.  State=s Exhibit 6 is a
crime scene videotape depicting the adult and child pornography in appellant=s possession.  The trial court made a preliminary ruling
that, if the State laid a proper foundation, the evidence was admissible and
relevant to punishment.  We address
appellant=s arguments as applied to each exhibit.

a.       State=s Exhibit 5

(i)      Rule
403

Appellant contends the trial court abused
its discretion by admitting State=s Exhibit 5 in
violation of Texas Rule of Evidence 403. 
Rule 403 provides that relevant evidence may be excluded if its
probative value is substantially outweighed by the danger of unfair
prejudice.  See Tex. R. Evid. 403.  













However, we do not reach appellant=s Rule 403
contention because appellant failed to preserve the issue by making a timely
and sufficiently specific objection on this ground and obtaining an adverse
ruling from the trial court.  See Tex. R. App. P. 33.1(a).  When the trial court made its preliminary
ruling, appellant objected to the excerpt of the nude woman looking at
pornography on the ground of optional completeness only; appellant apparently
believed that showing more of the excerpt, to include scenes of the woman
having sex with a man, would be less prejudicial to him.  Although appellant used the words Ahighly prejudicial@ and Aprobative value,@ he did so only in
the context of his objection on the grounds of optional completeness.[4]  Likewise, when appellant objected to the
parts of the exhibit containing the images of young girls as lacking a proper
foundation, he referred to them being Ahighly prejudicial@ only in the
context of his objection to a lack of foundation.[5]  Nowhere did appellant argue that the exhibit
violated Rule 403 or words to that effect in a manner that would make the trial
court aware he was making a Rule 403 objection. 
Indeed, in his brief, appellant does not direct us to any place in the
record where such an objection was made. 
Further, when State=s Exhibit 5 was
offered, appellant objected to a lack of foundation only, and asked to take the
sponsoring witness on voir dire Awith regards to
chain of custody.@ 
Appellant made no objection on Rule 403 grounds.  And, it appears that the trial court granted
his request to play the entire portion of the videotape, so appellant received
the relief he requested.  Because
appellant=s objections did not specifically alert
the trial judge to the alleged error of which he now complains, he has failed
to preserve error.  See Goff v. State,
931 S.W.2d 537, 551 (Tex. Crim. App. 1996) (AWhere his trial
objections do not comport with his arguments on appeal, appellant has failed to
preserve error on those issues.@). 

(ii)      Alleged
Lack of Foundation

As noted above, appellant objected to
portions of State=s Exhibit 5 on the grounds that they  lacked a proper foundation.  On appeal, appellant argues the scenes are
neither relevant nor related to the charged offense, and complains that the
videotape=s sponsoring witness, Detective Pacheco,
could not testify as to Aby whom, when, and where the videotapes
were made.@  

The foregoing constitutes appellant=s entire argument
concerning a lack of foundation.  He
cites no rule or case law in support of his conclusory argument.  We therefore hold that appellant has waived
this issue.  See Tex. R. App. P.
38.1(h) (requiring an appellant=s brief to contain
a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record); Rhoades v. State, 934
S.W.2d 113, 119 (Tex. Crim. App. 1996) (AIt is incumbent
upon counsel to cite specific legal authority and to provide legal argument
based upon that authority.@). 

Even if appellant had not waived the
issue, however, his argument would fail. 
Texas Rule of
Evidence 901 governs the authentication requirement for the admissibility of
evidence.  Reavis v. State, 84
S.W.3d 716, 719 (Tex. App.CFort Worth 2002, no pet.). 
Rule 901 provides that A[t]he requirement of authentication or identification as a
condition precedent to admissibility is satisfied by evidence sufficient to
support a finding that the matter in question is what its proponent claims.@ 
Tex. R. Evid. 901(a).  Rule 901(b) provides illustrations of
authentications complying with the rule. 
For instance, testimony by a witness with knowledge that the matter Ais what it is claimed to be@ is an acceptable method of
authentication.  Id.
901(b)(1).  








In the present case, the State did not offer the videotape as
evidence of who, when, and why, but to show appellant possessed it.  Appellant concedes that Detective Pacheco
identified the videotape, verified its authenticity and quality as a duplicate,
and verified that it was in appellant=s possession.  Thus, the trial court did not abuse its
discretion in admitting the exhibit over appellant=s objection based
on a lack of foundation.  Additionally,
we have reviewed the excerpts from the videotape and find that the trial court
did not abuse its discretion in determining that they were relevant to
appellant=s character and sentencing.  See Erazo v. State, 144 S.W.3d 487,
491 (Tex. Crim. App. 2004) (stating that relevance during the punishment phase
of a non-capital trial is determined by what is helpful to the jury).  We therefore overrule this issue.

b.       State=s Exhibit 6

Appellant also contends State=s Exhibit 6, the
crime scene videotape that includes a depiction of the evidence of child
pornography in appellant=s possession, was erroneously admitted in
violation of Rule 403.  Appellant does
not argue that this videotape lacked a proper foundation.  In response to appellant=s argument, the
State initially contends appellant has waived the issue by failing to object to
the exhibit as violating Rule 403.  We
agree that appellant has failed to preserve the error of which he now
complains.

In his brief, appellant acknowledges that
he objected below only on the grounds of relevance, hearsay, and
bolstering.  Our review of the record
confirms these are the only grounds raised. 
Thus, appellant=s argument on appeal does not comport with
his trial objections, and he has failed to preserve error.  See Goff, 931 S.W.2d at 551.

Conclusion

We overrule appellant=s issues and
affirm the trial court=s judgment.

 

 

/s/      Wanda McKee Fowler

Justice

 

Judgment
rendered and Memorandum Opinion filed March 2, 2006.

Panel
consists of Justices Fowler, Edelman, and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b).











[1]  Appellant
highlights the following requirements contained in article 38.071, section 5(a)
for the admission of a child=s videotaped testimony:

(1) no attorney or peace officer was present when the
statement was made; 

. . .

(4) the statement was not made in response to
questioning calculated to lead the child to make a particular statement;

. . .

(12) only one continuous recording of the child was
made or the necessity for pauses in the recordings or for multiple recordings
has been established at the hearing or proceeding.

See Tex.
Code Crim. Proc. art. 38.071, ' 5(a).





[2]  In appellant=s brief, he implies that, during the CAC videotaped
interview, J.A. did not mention  that
appellant touched her breast until after the interviewer took a break and
talked to either the police or a caseworker. 
Our review of the videotape reveals that J.A. mentioned the incident
before the break, and the interviewer merely asked for more details about it
after the break.





[3]  Appellant
pleaded guilty to the charge and was placed on deferred-adjudication
probation.  Appellant=s plea agreement, indictment, deferred adjudication
judgment, and the details of his community supervision were admitted into
evidence as State=s Exhibit 4.





[4]  In relevant
part, appellant argued against admitting the excerpt of the woman on the bed as
follows:  

[W]e would
specifically object to just the introduction of that part under the rule of
optional completeness.  Because even
though these pictures are prejudicial, the entire tape B B the defense believes will be more fair and less
prejudicial to show the context that they were played in.  At first he=s having
some type of sexual relations with this woman. 
And there are adult pictures on the bed. 
And then if we pull that one instance out where there is some child
pornography on the bed, it=s going to give the impression to the jury that that=s all they came there to do, was to have some type of
sexual relations with child pornography. 
There=s no adult pornography anywhere on the bed.  It focuses in on the children.  And we believe that it=s highly prejudicial and it doesn=t have anymore [sic] probative value as would the
entire tape with regards to that sexual act with that lady and viewing the
adult pictures.





[5]  Appellant
argued, in relevant part, as follows:  

 

Your Honor,
basically the defense objects to the admissibility of the tape involving the
girl on the bicycle because there=s no way
there would be any predicate laid with regards to who was doing the
videotaping.  My client, Mr. Del Rio, was
not on that tape at all.  His voice was
not on the tape.  We don=t know . . . the date the tape was made, all we know
is it was confiscated out of the back of his vehicle at one time.  And we believe that it is highly prejudicial
going to the fact that we don=t even know who made that portion of the tape, whether
it existed before he got it.  We don=t believe it=s fair
to draw the inference that he=s the one that actually did the videotaping.  Same with the girl playing with a puppy.  Mr. Del Rio=s voice
is not on that tape.  He didn=t appear anywhere on that tape.  It=s just a
portion of a videotape that was seized.